IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Nina Y. Wang**

Civil Action No. 24-cv-00511-NYW-CYC

JAMES BAKER, and
SHERYL BAKER,

      Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Motion for Partial Summary Judgment (or "Motion") filed by Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"). [Doc. 39]. The Court has reviewed the Motion and concludes that oral argument would not materially assist in its resolution. For the reasons set forth below, the Motion for Partial Summary Judgment is respectfully **DENIED**.

## BACKGROUND

In 2021 and 2023, Plaintiffs James Baker and Sheryl Baker ("Plaintiffs") submitted two insurance claims to State Farm based on alleged hail and wind damage to their property. [Doc. 3 at ¶¶ 11–12, 30–32]. State Farm partially denied coverage on both claims, reasoning that the claimed damage was not caused by hail or wind. [*Id.* at ¶¶ 17–19, 35, 40]. Plaintiffs then sued State Farm, asserting one breach of contract claim, one claim of unreasonable delay or denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116 (or "statutory bad faith"), and one claim of common law bad faith. [*Id.*

at ¶¶ 58–94]. State Farm moves for summary judgment in its favor on Plaintiffs' bad faith claims. *See* [Doc. 39].

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up). "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

At summary judgment, a movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once this movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

When considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See id.* at 249; *Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court views the record in the light

most favorable to the nonmoving party. *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

## UNDISPUTED MATERIAL FACTS

The following undisputed material facts are drawn from the summary judgment record.

1. At all relevant times, Plaintiffs' property was insured through State Farm. [Doc. 39 at ¶ 2; Doc. 42 at 3 ¶ 2; Doc. 3 at ¶ 2; Doc. 14 at ¶ 2].

2. Plaintiffs submitted an insurance claim in September 2021, reporting property damage caused by a wind and hail storm. [Doc. 39 at ¶ 3; Doc. 42 at 3 ¶ 3; Doc. 3 at ¶ 12; Doc. 14 at ¶ 12].

3. State Farm sent an inspector, Bobby Culpepper ("Mr. Culpepper"), to inspect Plaintiffs' property. [Doc. 39 at ¶ 4; Doc. 42 at 3 ¶ 4; Doc. 39-1 at 4–5].

4. Mr. Culpepper inspected the property on September 30, 2021, and State Farm denied coverage that same day. [Doc. 42 at 6 ¶ 11; Doc. 45 at ¶ 11; Doc. 39-1 at 26–28]. In the denial letter, State Farm advised Plaintiffs that the inspection revealed no accidental direct physical damage to the roof and instead showed only wear and tear and other deterioration. [Doc. 39 at ¶ 5; Doc. 42 at 3 ¶ 5; Doc. 39-1 at 26–27].

5. Mr. Culpepper stated in his deposition that he did not have the experience necessary to identify or properly document hail damage to Plaintiffs' roof and did not have experience to determine whether certain damage was caused by hail. [Doc. 42 at 5 ¶ 7; Doc. 45 at ¶ 7; Doc. 42-5 at 62:11–15, 100:5–10].

6.        Plaintiffs retained a public adjuster, which estimated Plaintiffs' property damages at $123,367.71 and included a main roof replacement.  [Doc. 39 at ¶¶ 8, 10; Doc. 42 at 3 ¶¶ 8, 10; Doc. 3 at ¶ 20; Doc. 14 at ¶ 20; Doc. 39-1 at 45–56].

7.        In response, State Farm hired Geohazards Forensic Engineering ("Geohazards") to inspect Plaintiffs' property and issue an expert opinion.  [Doc. 39 at ¶ 11; Doc. 42 at 3 ¶ 11; Doc. 39-1 at 29–32].

8.        When it retained Geohazards, State Farm "simply sent [its] form assignment letter to Geohazards," which did not include any additional information aside from the contents of the letter.  [Doc. 42 at 8 ¶ 26; Doc. 45 at ¶ 26; Doc. 42-9 at 1 ("For the purpose of the review, we have enclosed the information itemized below:  None[.]")].[1]

9.        The letter did not identify the type of roofing material Geohazards was hired to inspect.  [Doc. 42 at 9 ¶ 27; Doc. 45 at ¶ 27; Doc. 42-9].

10.       State Farm's claims specialist did not conduct any research about the qualifications or experience of the engineer who was assigned to the project and did not ask to review the engineer's resume or curriculum vitae.  [Doc. 42 at 9 ¶ 28; Doc. 45 at ¶ 28;[2] Doc. 42-8 at 154:1–18].

---

[1] Defendant attempts to dispute Plaintiffs' assertion that the letter "had very little information related to the damages Geohazards was . . . retained to investigate" by asserting that "[n]othing in the letter supports the argument that" State Farm's *claims specialist* "had little information about the damages Geohazards was being retained to inspect."  *See* [Doc. 42 at 8 ¶ 26; Doc. 45 at ¶ 26].  But Plaintiffs assert that the letter lacked information, not that the claims specialist lacked information.  [Doc. 42 at 8 ¶ 26]. In any event, it is clear from the face of the letter that State Farm did not provide any additional information aside from what was contained in the form letter.  *See* [Doc. 42-9]. Accordingly, the Court deems this fact undisputed.  Fed. R. Civ. P. 56(e)(2).

[2] State Farm purports to dispute this fact by stating that the claims specialist "testified that the engineering tool [State Farm uses] directs him to pre[-]screened engineers."  [Doc. 45 at ¶ 28].  This assertion is not supported by a citation to record evidence.  Moreover, State

11.     Geohazards inspected Plaintiffs' property and concluded that any damage to the roof was not caused by hail.  [Doc. 39 at ¶¶ 12–14; Doc. 42 at 4 ¶¶ 12–14; Doc. 39-2 at 2, 7–9].

12.     Based on the Geohazards report, State Farm issued a partial denial letter to Plaintiffs on May 9, 2022.  [Doc. 39 at ¶ 15; Doc. 42 at 4 ¶ 15; Doc. 39-1 at 6–7].

13.     Plaintiffs later filed a second claim with State Farm "alleging a weather event and related damage [occurring] on or about May 10, 2023."  [Doc. 39 at ¶ 16; Doc. 42 at 4 ¶ 16; Doc. 3 at ¶ 32; Doc. 14 at ¶ 32].

14.     State Farm sent an inspector to investigate the damage, and following that inspection, it sent a partial denial letter to Plaintiffs on the basis that the property damage was consistent with wear and tear or deterioration, not hail or wind damage.  [Doc. 39 at ¶¶ 17–18; Doc. 42 at 4 ¶¶ 17–18; Doc. 39-3 at 3–9].  State Farm paid Plaintiffs $3,219.50 for water damage to the property.  [Doc. 39 at ¶ 19; Doc. 42 at 4 ¶ 19; Doc. 39-3 at 6].

15.     Plaintiffs then engaged the same public adjuster, which issued a damages estimate of $233,244.04 actual cost value.  [Doc. 39 at ¶ 20; Doc. 42 at 4 ¶ 20; Doc. 39-3 at 10–22].  Plaintiffs also retained engineers to conduct a review of the property, and those engineers "opined differently than State Farm."  [Doc. 39 at ¶ 21; Doc. 42 at 4 ¶ 21; Doc. 39-1 at 34–44].

16.     Geohazards reviewed the report of Plaintiffs' engineers and concluded that the report did not impact its overall conclusions or require any changes to its report.  [Doc. 39 at ¶ 22; Doc. 42 at 4 ¶ 22; Doc. 39-1 at 33].

---

Farm's denial does not actually dispute the contents of Plaintiffs' assertion.  The Court deems this fact undisputed.  Fed. R. Civ. P. 56(e)(2).

**ANALYSIS**

State Farm moves for summary judgment in its favor on Plaintiff's bad faith claims. *See* [Doc. 39]. Under Colorado law, there are two types of insurance-based bad faith claims available to an insured party: (1) common law bad faith and (2) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and -1116. *McKinney v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01651-CMA-KLM, 2021 WL 4472921, at *4 (D. Colo. Sept. 30, 2021). To succeed on a statutory claim of unreasonable delay or denial, an insured must establish that (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018). To succeed on a common law claim, the insured must also prove—in addition to demonstrating that the insurer delayed or denied the payment of benefits without a reasonable basis—"that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020) (citing *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015), *aff'd*, 418 P.3d 501 (Colo. 2018)).

Thus, to succeed on either bad faith claim, Plaintiffs must show that State Farm acted unreasonably. "The reasonableness of the insurer's conduct is determined objectively and is 'based on proof of industry standards.'" *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018) (quoting *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004)). So long as the insurer had a reasonable basis for its action, it did not act unreasonably. *See Wagner v. Am. Fam. Mut. Ins. Co.*, 569 F. App'x 574, 580 (10th Cir. 2014) ("We find nothing unreasonable about American Family's denial of

6

her claim because it had a reasonable basis for its action." (applying Colorado law)); *Ayala v. State Farm Mut. Auto. Ins. Co.*, 628 F. Supp. 3d 1075, 1082 (D. Colo. 2022) ("An insurer's denial of a claim does not constitute statutory bad faith if the insurer has a reasonable basis for the denial."). The insurer's decision to deny benefits is evaluated "based on the information before the insurer at the time of that decision." *Schultz*, 429 P.3d at 847 (quotation omitted).

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012). But "in appropriate circumstances," such as "when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.*

## I.     Statutory Bad Faith

State Farm first argues that it is entitled to summary judgment on Plaintiffs' statutory bad faith claim because Plaintiffs "cannot prove that State Farm acted without a reasonable basis in handling the claims at issue." [Doc. 39 at 7]. Specifically, it asserts that "[m]ultiple courts have held that reliance on an engineering report, prepared by qualified professionals according to established and reliable methods, is reasonable as a matter of law, and cannot be the basis for a bad faith claim." [*Id.* at 6 (citing cases)]. It essentially contends that, because State Farm relied on the Geohazards report(s) in its denials, it could not have acted unreasonably. *See* [*id.* at 6–9].

First, to the extent State Farm states that reliance on a report, "prepared by qualified professionals according to established and reliable methods[] is reasonable as a matter of law," [*id.* at 6], it makes no argument, and presents no evidence, demonstrating that it is undisputed that the Geohazards reports were conducted "by

7

qualified professionals according to established and reliable methods." *See generally* [*id.*]. Therefore, even if this were an established rule, Defendant has not demonstrated that this rule applies here. Furthermore, the Court disagrees that courts have recognized a blanket rule that an insurance company's reliance on an expert report in making a claim decision renders the insurer's conduct reasonable as a matter of law. "By its nature, any inquiry into an insurer's reasonableness inquiry is fact-specific." *Seabron v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2013 WL 3713652, at *9 (D. Colo. July 16, 2013). Insulating an insurer from bad-faith liability in all circumstances where the insurer relied on an expert report would impermissibly sidestep the case-specific factual inquiry that bad faith cases require.

To be sure, a few courts have found an insurance company entitled to summary judgment where the insurer relied on an expert report and the insured could not demonstrate a dispute of fact as to the reasonableness of the insurer's claims-handling conduct. For example, in *El Dueno, LLC v. Mid-Century Insurance Co.*, the Tenth Circuit affirmed the lower court's grant of summary judgment in favor of an insurance company on the plaintiff's bad faith claims. No. 24-1110, 2025 WL 1540329, at *4 (10th Cir. May 30, 2025). In that case, the insurance company had denied coverage based on an engineering report that the plaintiff's claimed property damage was not caused by hail. *Id.* at *1. But the Tenth Circuit did not rule that this alone warranted summary judgment in the insurer's favor; instead, the Tenth Circuit concluded that the plaintiff had failed to create a genuine dispute of material fact about whether the insurer's reliance on the report was unreasonable. *See id.* at *3–4. Similarly, in *Bell Advisors, LLC v. American Family Mutual Insurance Co.*, the Colorado Court of Appeals affirmed summary judgment in an

insurer's favor where the insurer relied on an expert report to deny coverage and there was no "timely evidence that said report was inconsistent with industry standards." No. 16CA2081, 2018 WL 11714602, at *4 (Colo. App. Jan. 25, 2018). And in *Avalon Condominium Ass'n, Inc v. Secura Insurance*, the court concluded that the insurer's reliance on an expert report was reasonable based on the undisputed "facts pertaining to [the insurer's] reliance on [the report]." No. 14-cv-00200-CMA-KMT, 2015 WL 5655528, at *5 (D. Colo. Sept. 25, 2015); *see also id.* at *5–6 (discussing the undisputed facts in detail to explain why the insurer's reasonableness could not be disputed). Contrary to Defendant's suggestion, none of these cases adopted a blanket rule that reliance on an expert report is reasonable "as a matter of law."

Defendant's argument on the statutory bad faith claim does not address this aspect of these cases and does not meaningfully argue that Plaintiff cannot show that its reliance on the Geohazards report violated industry standards. *See* [Doc. 39 at 5–9]. Instead, it simply asks the Court to adopt its own belief that its conduct was reasonable:

> Plaintiffs' claims were both fully and promptly investigated by both State Farm inspectors. State Farm engaged expert[] Geohazards to opine on any potential damage and relied on qualified experts using established and reliable methods. In addition, Plaintiff James Baker admitted in his deposition that this case would essentially come down to a disagreement between the experts, which the undisputed facts reflect. Based on the information available to State Farm at the time, State Farm acted reasonably in relying on its expert engineering report and issuing a denial due to wear, tear, and deterioration of the roof and stucco. As such, Plaintiffs' assertion that any part of the claim was handled unreasonably must fail.

[*Id.* at 9 (citations omitted)]. This argument is insufficient to demonstrate that summary judgment is appropriate.

Alternatively, State Farm states that "[t]o the extent that Plaintiffs may argue that reliance on the Geohazards report was somehow unreasonable, this argument . . . fails." [*Id.*].  In support, it cites one line from the lower court's decision in *El Dueno* stating that "[u]ngrounded claims that reliance on the engineering report was unreasonable do not prevent summary judgment."  [*Id.* (quoting *El Dueno, LLC v. Mid-Century Ins. Co.*, 21-cv-01532-DDD-JPO, 2024 WL 1236245, at *3 (D. Colo. Feb. 23, 2024))].  Here, the Court finds that Plaintiffs have presented more than a mere "ungrounded claim" of unreasonableness.  They present evidence that State Farm initially denied the 2021 claim based on an inspection performed by an engineer who conceded he was not qualified to identify hail damage to Plaintiffs' roof, [Doc. 42-5 at 62:11–15, 100:5–10]; that the engineer discussed this lack of experience with or sought guidance about it from State Farm, [*id.* at 123:11–125:9]; and that the State Farm claims specialist did not look into the qualifications of the Geohazards engineer assigned to the project, [Doc. 42-8 at 154:1–18].

Plaintiffs argue that this evidence demonstrates State Farm's unreasonableness, *see* [Doc. 42 at 14–15], and the Court agrees that Plaintiffs have done enough to create a genuine dispute of fact as to whether State Farm acted reasonably in compliance with industry standards,[3] *see* Colo. Rev. Stat. § 10-3-1104(1)(h)(IV) (recognizing that "[r]efusing to pay claims without conducting a reasonable investigation based upon all

---

[3] To the extent State Farm asserts in its Reply that "engineers are pre-screened and approved for use by claims handlers," [Doc. 45 at ¶ 24], and suggests that this renders its conduct undisputedly reasonable as a matter of law, this Court respectfully disagrees that this entitles Defendant to summary judgment.  This assertion of fact was not presented in Defendant's Motion as a statement of undisputed fact with supporting evidence, *see* [Doc. 39], and such argument and any supporting evidence is more appropriately presented to the jury.

available information" is an unfair claim settlement practice); *see also Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004) (recognizing that the Unfair Claims Practices Act provides "valid, but not conclusive, evidence of industry standards").  For this reason, reasonableness cannot be determined as a matter of law, *Vaccaro*, 275 P.3d at 759, and summary judgment on Defendant's favor on this claim is not appropriate.

## II.    Common Law Bad Faith

State Farm next contends that it is entitled to summary judgment on Plaintiffs' common law bad faith claim.  [Doc. 39 at 10; Doc. 45 at 9].  To the extent that State Farm suggests that its reliance on the engineering expert report is fatal to Plaintiffs' common law bad faith claim as a matter of law, this Court respectfully rejects this argument for the reasons set forth above.

State Farm further asserts that the common law claim "is not viable as it . . . fails to identify any relevant industry standard that State Farm breached."  [Doc. 39 at 10].  It argues that "Plaintiff[s] have not disclosed any industry standard expert and ha[ve] not articulated any industry standard," and "[w]ithout this, the Court is not able to find that State Farm acted unreasonably."  [*Id.* at 11].  This Court respectfully rejects this argument based on the specific circumstances of this case.

With respect to an articulated industry standard, Plaintiffs cite several provisions from the Unfair Claims Practices Act that they say Defendant violated, including the provision that states "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information" is an unfair claims-handling practice. [Doc. 42 at 17 (quoting Colo. Rev. Stat. § 10-3-1104(1)(h)(IV))].  The Colorado Supreme Court has observed that the Colorado Unfair Claims Practices Act provides valid, though

11

not conclusive, evidence of what constitutes the industry standard for a reasonable investigation.  *Allen*, 102 P.3d at 343-44.

"The aid of expert witnesses is often required in order to establish objective evidence of industry standards."  *Goodson*, 89 P.3d at 415.  But this particular standard of care reflected in the Unfair Claims Practices Act, i.e., that an insurance carrier may not refuse to pay a claim without considering all available information, is within the common knowledge and experience of, and can be evaluated by, the average juror and thus does not require expert testimony.  *Allen*, 102 P.3d at 336; *see also Bonbeck Parker, LLC v. Travelers Indem. Co. of Am.*, 611 F. Supp. 3d 1115, 1129 (D. Colo. 2020) ("[E]xpert testimony is not always required to establish industry standards."), *aff'd*, 14 F.4th 1169 (10th Cir. 2021).

The record includes evidence that State Farm used Mr. Culpepper to investigate the hail damage on Plaintiffs' roof even though he lacked the experience to evaluate that type of roof and had informed State Farm about that lack of experience.  [Doc. 42-5 at 62:11–15, 63:1–21, 123:25–125:20].  Mr. Culpepper further testified that no one else, from either his company or State Farm, physically inspected the property at issue before a denial letter was sent on September 30, 2021.  [*Id.* at 100:5–19].  Viewing the evidence and drawing all inferences in Plaintiffs' favor, the Court agrees with Plaintiffs that, like in *Allen*, the reasonableness or unreasonableness of State Farm's reliance on Mr. Culpepper's inspection and ultimate refusal of the claim is within the common knowledge and experience of the average juror and Plaintiffs have adduced sufficient evidence to create a genuine issue of material fact on this point.

But with respect to other elements of the Unfair Claims Practices Act, such as failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed, it is less clear to this Court that those standards are within the common knowledge or experience of the average juror or that the average juror can understand what constitutes "promptness" or a "reasonable time" as used in the Colorado insurance industry.  But neither side meaningfully engages in any substantive argument with respect to the allegations of delay in the insurance adjustment, *compare* [Doc. 39; Doc. 45], *with* [Doc. 42], or what evidence could establish these industry standards, and this Court respectfully declines to fashion arguments for parties, particularly when each side has been represented by counsel since the inception of this suit.  *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants); *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."). In sum, however, the Court finds that Plaintiffs have done enough at this stage to preclude summary judgment on their common law claim.[4]

---

[4] Of course, it will be Plaintiffs' burden at trial to establish industry standards and prove to the jury that State Farm acted unreasonably and in contravention of such standards. If State Farm believes that Plaintiffs present insufficient evidence to meet that burden, it may make an appropriate motion at that time.

For the reasons set forth in this Order, the Motion for Partial Summary Judgment is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)     The Motion for Partial Summary Judgment [Doc. 39] is **DENIED**; and

(2)     A Telephonic Status Conference is **SET** for **July 13, 2026 at 11:00 A.M.** to set the Final Pretrial/Trial Preparation Conference and trial in this case. Counsel for the Parties shall participate using the following dial-in information: **571-353-2301; Access Code: 783456374**.

DATED:  June 30, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

14